M. P. No. 78-140. ROBERT HAXTON *v.* RALPH R. FARGNOLI *et al.* The petition in equity is hereby denied, without prejudice to the petitioner's instituting appropriate proceedings in the Superior Court.

Chief Justice Bevilacqua did not participate. *Toro Law Associates, Inc., Peter A. DiBiase,* for petitioner. *Roland H. Glantz,* for respondents.

May 8, 1978.

M. P. No. 78-152. FRANK A. CARTER, JR., *Chief Disciplinary Counsel v.* RAYMOND J. SURDUT. On Thursday, April 27, 1978, the respondent, a member of the Bar of this state, appeared before us to show cause why he should not be disciplined because of his failure to file a response with this Court's Disciplinary Board to a complaint filed with the Board by a client in June 1977. When the respondent appeared before us, he conceded that he had not given this matter the attention it deserved. Subsequent to the issuance of our order he filed a response.

This last-minute response serves as no excuse. An attorney is bound to comply with the reasonable requests of either the Board or its counsel. Failure to comply is grounds for discipline under our Rule 42-2.

Accordingly, it is ordered, adjudged and decreed that Raymond J. Surdut is hereby reprimanded for indulging in the practices described herein.